Steuer, J. P.
(dissenting). I dissent and vote to affirm.
*472 Both parties moved for summary judgment and both took the position that no question of fact was presented in the controversy between them. The learned court below denied plaintiff’s motion and granted defendant’s. We are all in accord that the denial of plaintiff’s motion was proper. But my colleagues disagree with the parties and the court below in that they find that there are questions of fact which prevent the granting of defendant’s motion.
Defendant acted as underwriter of an offering of debentures of a corporation called Hycalog, Inc. In so doing they issued a prospectus or offering to brokers in the security market including plaintiff. That document is not in the record but it is described in plaintiff’s affidavit as agreeing to “ allow brokers a commission or discount of 6% of the offered price.” Plaintiff subscribed to 10 of the debentures at a price of $990 each. Defendant in writing confirmed a sale to plaintiff of the 10 debentures for $9,900, less a concession of $600. Thereafter certain difficulties arose in connection with the issue which led to Hycalog, Inc., applying to the Securities and Exchange Commission for leave to withdraw its proposed offering, which leave was granted. No debentures were thereafter issued.
The complaint is based on two theories. The first is that defendant hired plaintiff as a broker to sell 10 bonds at an agreed commission of $600. The second is that defendant contracted to deliver 10 bonds and by failing to deliver, plaintiff was damaged to the extent of $600. The first theory finds no support in the affidavits. The dealings between the parties were in writing, as to which writings there is no dispute. They show a sale and nothing else.
It is perfectly apparent that this was an issue of new securities. Plaintiff, as a broker, must be presumed to know that every such issue is not marketable unless and until it obtains clearance from the Securities and Exchange Commission. And where the securities fail to obtain such clearance, it is no breach to fail to deliver. It has been conclusively determined that there is no breach by failure to deliver securities sold on a when issued basis when governmental authority prevents their issue in the form sold (Hyman v. Sachs, 194 Misc. 69, affd. 275 App. Div. 804, affd. 300 N. Y. 499).
Had this sale been made to a lay person not presumed to be versed in security transactions, there would be an issue as to whether the sale purported to be what it was. The presumption of knowledge on plaintiff’s part, if not conclusive in itself is buttressed by two facts. There is no claim that plaintiff understood the transaction as any different from what it was. *473 Secondly, no demand for delivery was made until more than a month after the sale and that demand was not accompanied by a tender of the purchase price. Had the plaintiff understood that it was buying currently marketable securities, this delay would be inconceivable. It is not explained nor is any explanation offered. This removes the only possible issue from the case and the decision of the court below should be affirmed.
Hofstadteb and Aurelio, JJ., concur in Per Curiam opinion; Steuer, J. P., dissents in opinion.
Order affirmed and appeal dismissed, etc.